## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**WILLIAM DECORIUS BEVERLY**                                             **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION NO. 2:10cv71-MTP**

**CARLOS MARTIN, ET AL.**                                           **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the court *sua sponte* upon the Plaintiff's failure to comply with certain orders of the court. The Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his civil rights Complaint [1] on March 31, 2010. Based on the record in this case and the applicable law, the court finds that this action be dismissed without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of inaction that warrants Rule 41(b) dismissal.

On December 14, 2010, Defendants filed their Motion for Summary Judgment [25]. Plaintiff failed to respond to the motion. On February 22, 2011, the court entered an Order [27]

---

[1] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

directing Plaintiff to respond to the motion.  Plaintiff failed to file a response in accordance with the court's Order [27].  On June 14, 2011, the court entered an Order [28] giving Plaintiff yet another opportunity to respond to the Motion [25].  The court noted that in addition to Plaintiff's failure to respond to the Defendants' Motion [25] as directed by the court, Plaintiff had not filed any pleadings or otherwise communicated with the court since his Omnibus Hearing on August 25, 2010, thus, giving the appearance that Plaintiff had lost interest in this case and had abandoned it.  The court ordered Plaintiff to file a statement with the Clerk indicating whether or not he intended to pursue this action and to file his response to the Motion [25] for Summary Judgment by June 24, 2011.  Plaintiff was advised that it was his responsibility to prosecute this case and keep the court informed of his current address.  He was further warned that if he failed to comply with the court's order, his action may be dismissed without further notice.  *See* Order [28].  Plaintiff failed to file a statement with the Clerk as directed and failed to respond to the Defendants' Motion [25].

On June 29, 2011, the court entered a Final Order to Show Cause [29], directing Plaintiff to file a written statement with the Clerk on or before July 11, 2011, setting forth why this case should not be dismissed for failure to comply with the court's orders.  Plaintiff was warned that if he failed to comply with the Order [29], this action would be dismissed without further notice.  *See* Order [29].  The July 11, 2011, deadline has passed, and Plaintiff has not responded to the Order [29].

With its clear record of delay, this case may properly be dismissed under Rule 41(b).  *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386

(5th Cir. 1995). The court has warned Plaintiff at least seven times that his failure to comply with this court's orders could result in dismissal.[2] However, Plaintiff has failed to comply with the court's orders. Plaintiff also has not inquired as to the status of his case[3] or otherwise filed any pleadings or communicated with this court since August 25, 2010. From this it appears that Plaintiff has lost interest in proceeding with this action and has abandoned it.

As Plaintiff has failed in his obligations to prosecute his case and to comply with the court's orders, the court finds that this action should be dismissed.

IT IS, THEREFORE, ORDERED:

1. That this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2. All pending motions, including Defendants' Motion for Summary Judgment [25], are denied as moot.

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be entered.

THIS, the 26th day of July, 2011.

> s/ Michael T. Parker
> United States Magistrate Judge

---

[2] *See* Orders [5][6][7][9][22][28][29].

[3] *See Ainsworth v. Payne*, No. 1:05cv297-LG-JMR, 2006 WL 2912571, at *1 (S.D. Miss. Oct. 10, 2006) (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)) ("In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquires. Address changes normally would be reflected by those inquiries if made in writing.")